IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TAWANNA SORRELLS, On Behalf of Herself and All Others Similarly Situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:21-cv-883 |
| ADVANCED CALL CENTER TECHNOLOGIES, LLC, | § § § | FLSA COLLECTIVE ACTION |
| Defendant. | § § § | JURY TRIAL DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Tawanna Sorrells ("Plaintiff"), on behalf of herself and all others similarly situated, files this Complaint against Advanced Call Center Technologies, LLC ("Defendant"), showing in support as follows:

### I. NATURE OF THE CASE

1. Plaintiff brings individual and collective action claims against Defendant pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262, (collectively "FLSA").

2. Plaintiff was an hourly paid employee of Defendant with dates of employment between approximately June 2020 and approximately April 2021.

3. Plaintiff worked from her residence in Arlington, Texas as a customer service representative ("CSR") and claims agent for Defendant. Plaintiff's primary job duties included taking phone calls on behalf of Defendant's customers and filing and/or processing claims on behalf of Defendant's customers.

4. Plaintiff regularly worked in excess of 40 hours per seven-day workweek as an employee of Defendant. While Plaintiff was sometimes paid time and one-half her regular rate of

*Plaintiff's Original Complaint – Page* 1

pay for weekly hours worked over 40, she was not paid time and one-half her regular rate of pay for all hours worked over 40 in each and every such seven-day workweek due to practices and/or policies of Defendant to not pay Plaintiff for compensable off-the-clock work during the FLSA continuous workday (*i.e.* after she began her workday but before she ended her workday) relative to matters such as computer program issues, dropped calls, and working with Defendant's IT department to address those issues (the "Continuous Workday Off-the-Clock Work").

5. There are numerous other CSR and claims agent employees of Defendant in Texas who are not/were not paid time and one half-their respective regular rates of pay for all hours worked over 40 in each and every seven-day workweek in the time period relative to this lawsuit due to Continuous Workday Off-the-Clock Work. Plaintiff seeks FLSA collective action certification and notice for those putative collective action members.

6. Plaintiff, on behalf of herself and the collective action members, seeks all damages available under the FLSA including back overtime wages, liquidated damages, legal fees, costs, and post-judgment interest.

## II.   THE PARTIES, JURISDICTION, AND VENUE

**A.   Plaintiff Tawanna Sorrells**

7. Plaintiff is a natural person who resides in Tarrant County, Texas. She has standing to file this lawsuit.

8. Plaintiff is a former employee of Defendant. Plaintiff performed her work for Defendant made the subject matter of this lawsuit from her residence located at 6800 Paces Trail, # 812, Arlington, Tarrant County, Texas 76017.

9. By filing this lawsuit and complaint, Plaintiff consents to be a party plaintiff to this FLSA action pursuant to 29 U.S.C. § 216(b).

B. **Defendant Advanced Call Center Technologies, LLC**

10. Defendant is a foreign for-profit limited liability company.

11. During all times relevant, Defendant has done business in the State of Texas.

12. Defendant is registered with the Texas Secretary of State to conduct business operations in Texas.

13. At all times relevant to this lawsuit, Defendant is and has been an "enterprise engaged in commerce" as defined by the FLSA.

14. At all times relevant to this lawsuit, Defendant employed, and continues to employ, two or more employees.

15. At all times relevant to this lawsuit, Defendant employed two or more employees who regularly handled, sold, and/or otherwise worked on goods and/or materials in their daily work that are/were moved in and/or produced for commerce. Examples of such goods and/or materials include computers, computer-related devices, phones, furniture, and office supplies.

16. On information and belief, at all times relevant to this lawsuit, Defendant has had annual gross sales or business volume in excess of $500,000.

17. Defendant's principal place of business is located at 1235 Westlakes Drive, Suite 160, Berwyn, Pennsylvania 19312.

18. Defendant may be served with summons through its registered agent, CT Corporation, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

C. **Jurisdiction and Venue**

19. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

20. The Court has personal jurisdiction over Defendant based on both general and specific jurisdiction.

21. During all times relevant to this lawsuit, Defendant has done business in the State of Texas and continues to do business in the State of Texas.

22. The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiff bases her claims on federal law, namely the FLSA.

23. Venue is proper in this Court because Plaintiff worked for Defendant in Tarrant County, Texas.

### III.  FACTUAL BACKGROUND

24. Defendant provides call center type services for third-party business customers who need sales support, customer services, account services, fraud investigation, dispute resolution, and process automation. Defendant provides such services on a nation-wide basis. In providing those services, Defendant employees numerous employees including CSRs and claims agents.

25. Plaintiff was an hourly paid employee of Defendant.

26. Plaintiff's hourly rate of pay was $15.00.

27. Plaintiff's dates of employment with Defendant are between approximately June 2020 and approximately April 2021.

28. Plaintiff worked for Defendant from her residence in Arlington, Texas.

29. Initially, Plaintiff worked as a CSR for Defendant until approximately August 2020. Thereafter, Plaintiff primarily worked as a claims agent for Defendant.

30. Plaintiff's primary job duties included taking phone calls from Defendant's customers and filing and/or processing claims on behalf of Defendant's customers.

31. Plaintiff regularly worked in excess of 40 hours per seven-day workweek as an employee of Defendant.

32. While Plaintiff was sometimes paid time and one-half her regular rate of pay for weekly hours worked over 40, she was not paid time and one-half her regular rate of pay for all hours worked over 40 in each and every seven-day workweek due to practices and/or policies of Defendant to not pay Plaintiff for compensable Continuous Workday Off-the-Clock Work.

33. Continuous Workday Off-the-Clock Work included time after Plaintiff began the start of the workday but before she ended the workday which Defendant did not count as compensable time. Such off-the-clock work included work that was integral and indispensable to Plaintiff performing her primary job duties for Defendant – things such as logging into and/or attempting to log into computer programs used to perform her work for Defendant, communications with Defendant about job related matters, communications with Defendant about program and/or system related issues, computer program issues, dropped calls, and working with the IT department to address program and/or system related issues.

34. Plaintiff regularly worked in excess of 40 hours per seven-day workweek as an employee of Defendant but was not paid time and one-half her regular rate of pay for all hours worked over 40 in each and every seven-day workweek due to Defendant's practice and/or policy relative to Continuous Workday Off-the-Clock Work.

35. There are numerous other CSR and claims agent employees of Defendant in Texas who are/were paid on an hourly basis like Plaintiff, regularly work(ed) in excess of 40 hours in a seven-day workweek, and are not/were not paid time and one half-their respective regular rates of pay for all hours worked over 40 in each and every seven-day workweek in the time period of three years preceding the date this lawsuit was filed and forward due to Defendant's practices and/or policies relative to Continuous Workday Off-the-Clock Work.

36. Plaintiff discussed off-the-clock work she was experiencing with her manager, Ms. Sharmane Renua, on numerous occasions. Ms. Renau is and/or was employed by Defendant. For example, Plaintiff told Ms. Renau that she was not being paid for time when calls were dropped and for time she was working with Defendant's IT department to address technical issues with Defendant's system and/or programs. Mr. Renau told Plaintiff she should attempt to address technical issues prior to the beginning of her shift (*i.e.* in an unpaid capacity) for Defendant and told Plaintiff that Defendant had a policy of not paying for all IT/tech related issues. Defendant knew or had reason to believe that Plaintiff was performing uncompensated work relative to the aforementioned off-the-clock work.

### IV. CONTROLLING LEGAL RULES

37. The FLSA states that "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

38. "Employ" includes to suffer or permit work. 29 U.S.C. § 203(g).

39. "[T]he continuous workday rule … means that the workday is generally defined as the period between the commencement and completion on the same workday of an employee's principal activity or activities." *IBP, Inc. v. Alvarez*, 546 U.S. 21, 28 (2005) (quotation and citation omitted). *See also*, 29 C.F.R. § 790.6 (Under the FLSA's Continuous Workday Rule, "[p]eriods of time between the commencement of the employee's first principal activity and the completion of his last principal activity on any workday must be included in the computation of hours worked.").

40. "[I]t is the duty of the management to exercise its control and see that the work is not performed if it does not want it to be performed. It cannot sit back and accept the benefits without compensating for them. The mere promulgation of a rule against such work is not enough. Management has the power to enforce the rule and must make every effort to do so." 29 C.F.R. § 785.13; *accord Newton v. City of Henderson*, 47 F.3d 746, 748 (5th Cir. 1995) (same).

41. An employee is employed for purposes of the FLSA if the employer has "knowledge, actual or constructive, that he was working." *Mack v. Avara Cmty. Health Servs.*, No. 3:13-CV-1976-P, 2016 U.S. Dist. LEXIS 129266, at *3-4 (N.D. Tex. Feb. 5, 2016) (Solis, J.) (*citing Newton,* 47 F.3d at 748). "Constructive knowledge exists if by exercising reasonable diligence an employer would become aware that an employee is working overtime." *Von Friewalde v. Boeing Aero. Operations, Inc.*, 339 F. App'x 448, 455 (5th Cir. 2009) (quotations and citation omitted).

42. With respect to call center employees, the law is clear that "starting the computer to download work instructions, computer applications, and work-related emails" before the start of the scheduled shift must be treated as compensable time. *Redding v. ThinkDirect Mktg. Grp., Inc.*, No. 1:16-cv-03749, 2019 U.S. Dist. LEXIS 229645, at *11 (N.D. Ga. Dec. 9, 2019).

43. Rest periods of short duration, running from 5 minutes to about 20 minutes, are common in industry. They promote the efficiency of the employee and are customarily paid for as working time. They must be counted as hours worked. Compensable time of rest periods may not be offset against other working time such as compensable waiting time or on-call time." *Sec'y United States DOL v. Am. Future Sys.*, 873 F.3d 420, 424 (3d Cir. 2017) (citing 29 C.F.R. § 785.18). The requirement that all breaks of 20 minutes or less be treated as compensable is a "bright line" rule. *Id.*

44. Federal law requires employers to make and keep accurate and detailed payroll data for non-exempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. Amongst other things, the regulations require employers to make and keep payroll records showing data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime pay is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment, and records of remedial payments. 29 C.F.R. § 516.2(a)&(b). Employers are required to maintain the foregoing data for a minimum of three years. 29 C.F.R. § 516.5.

45. The FLSA defines the "regular rate" as including "all remuneration for employment paid to, or on behalf of, the employee … ." 29 U.S.C. § 207(e).

46. Failing to pay the required overtime premium for hours worked over 40 in a seven-day workweek is a violation of the FLSA. 29 U.S.C. § 216(b).

### V.     FLSA CLAIMS

47. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

48. At all times relevant to this lawsuit, Defendant has been an eligible and covered employer under the FLSA. 29 U.S.C. § 203(d).

49. At all times relevant to this lawsuit, Defendant has been an enterprise engaged in commerce under the FLSA. 29 U.S.C. § 203(s)(1)(A).

50. Plaintiff was an employee of Defendant pursuant to the FLSA. 29 U.S.C. § 203(e).

51. Plaintiff was a covered employee under 29 U.S.C. § 207(a)(1).

52. Plaintiff was paid on an hourly basis by Defendant.

53. At all times relevant to Plaintiff's employment with Defendant, Defendant was required to pay Plaintiff time and one-half her regular rate of pay for all hours worked over 40 in each seven-day workweek. 29 U.S.C. § 207(a)(1).

54. Defendant did not pay Plaintiff all FLSA overtime wages owed because it did not count Continuous Workday Off-the-Clock Work as compensable time. The failure to pay Plaintiff time and one-half her regular rate of pay for all hours worked over 40 in each and every seven-day workweek during her employment with Defendant is a violation of the FLSA. 29 U.S.C. § 207(a)(1); 29 U.S.C. § 216(b).

55. The putative collective action members are/were employees of Defendant pursuant to the FLSA. 29 U.S.C. § 203(e).

56. The putative collective action members are/were covered employees under 29 U.S.C. § 207(a)(1).

57. The putative collective action members are/were paid on an hourly basis by Defendant.

58. At all times relevant to this lawsuit, Defendant is and was required to pay the putative collective action members time and one-half their respective regular rates of pay for all hours worked over 40 in each seven-day workweek. 29 U.S.C. § 207(a)(1).

59. Defendant did not and does not pay the putative collective action members all FLSA overtime wages owed because it did not count Continuous Workday Off-the-Clock Work as compensable time. The failure to pay the putative collective action members time and one-half their respective regular rates of pay for all hours worked over 40 in each and every seven-day workweek during their employment with Defendant is a violation of the FLSA. 29 U.S.C. § 207(a)(1); 29 U.S.C. § 216(b).

60. Defendant's violations of the FLSA are and/or were willful within the meaning of 29 U.S.C. § 255(a). At all material times, Defendant is and was aware that Plaintiff and the putative collective action members are not and were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in a seven-day workweek in connection its practices and/or policies relative to Continuous Workday Off-the-Clock Work. Due to those practices and/or policies, Defendant knew and/or had reason to believe that Plaintiff and the putative collective action members are and/or were working overtime hours for which they were not paid all FLSA overtime wage compensation owed. Additionally, as stated *supra*, Plaintiff notified her manager on more than one occasion that she was working hours she was not being paid.

61. Plaintiff, on behalf of herself and the collective action members, seeks all damages available for Defendant's failure to timely pay all overtime wages owed.

## VI.    FLSA COLLECTIVE ACTION CLAIMS

62. Where, as here, the employer's actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis. *See Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 825 (N.D. Tex. 2007) (certifying nationwide collective action in FLSA case); *see also*, *Jones v. SuperMedia Inc.,* 281 F.R.D. 282, 290 (N.D. Tex. 2012) (same).

63. Plaintiff seeks to represent a collective action under 29 U.S.C. § 216(b) on behalf herself and all current and/or former hourly paid CSR and/or claims agent employees of Defendant who are not and/or were not paid time and one-half their respective regular rates of pay for all hours worked over 40 during each seven-day workweek due to Defendant's practices and/or policies relative to Continuous Workday Off-the-Clock Work.

64. The scope of this collective action is limited to current and/or former CSR and/or claims agent employees who worked for Defendant in Texas.

65. The relevant time period for this collective action is three years preceding the date this lawsuit was filed and forward, or such other time period deemed appropriate by the Court.

66. Because Defendant did not and does not pay all overtime premium compensation owed to its hourly paid CSR and/or claims agent employees who routinely work(ed) in excess of 40 hours per workweek, Plaintiff and the putative collective action members are all similarly situated within the meaning of Section 216(b) of the FLSA.

67. Plaintiff reserves the right to establish sub-classes and/or modify collective action definition in any collective action certification motion or other filing.

## VII.   JURY DEMAND

68. Plaintiff, on behalf of herself and the collective action members, demands a jury trial.

## VIII.   DAMAGES AND PRAYER

69. Plaintiff asks that the Court issue a summons for Defendant to appear and answer, and that Plaintiff be awarded a judgment against Defendant and/or order(s) from the Court for the following:

   a. An order certifying this case as a FLSA collective action and requiring notice to be issued to all putative collective action members,

   b. All damages allowed by the FLSA, including back overtime wages,

   c. Liquidated damages in an amount equal to back FLSA overtime wages,

   d. Reasonable legal fees,

   e. Costs,

  f. Post-judgment interest, and/or

  g. All other relief to which Plaintiff and the collective action members are entitled.

Date: July 21, 2021.

                Respectfully submitted,

           By: s/ Allen R. Vaught
              Allen R. Vaught
              Attorney-In-Charge
              TX Bar No. 24004966
              Vaught Firm, LLC
              1910 Pacific Ave., Suite 9150
              Dallas, Texas 75201
              (972) 707-7816 – Telephone
              (972) 591-4564 – Facsimile
              avaught@txlaborlaw.com

           ATTORNEY FOR PLAINTIFF